RUSSELL GARDINER, ADMINISTRATOR OF WILLIAM WILCOX
v. JARED WOODMANSEE.

Where A. made a mortgage to B. to secure the payment of $1000 on the death of C., and B. died before C., but no administrator was appointed upon his estate in this State until nearly a year after the death of C., the payment of the $1000, with interest from the death of C., being then demanded, it was held that interest could be recovered only from the date of the demand.

Exceptions to the report of a master appointed according to Statute, (Dig. of 1844, p. 197,) to ascertain the sum due upon a mortgage, for which the plaintiff had brought his action of trespass and ejectment. The report was as follows:

"Thomas Phillips, of Exeter, on the 6th day of January, 1818, mortgaged the property described in the declaration to William Wilcox, and the condition was to secure

the payment of one thousand dollars to said Wilcox, on the death of Catherine ·Wilcox. The property passed, subject to this mortgage, from Thomas Phillips to John Phillips, the lessor of the defendant.

William Wilcox, the mortgagee, resided, at the time of making the mortgage, and until June 4th, 1818, in this State, and then removed to Ohio, where he died about 1825 or 1826. An administrator was appointed in Ohio on his estate, but none in Rhode Island, until the plaintiff was appointed, February 3, 1845. The estate was represented insolvent in Rhode Island, and commissioners appointed.

Catherine Wilcox, on whose death the payment was to be made, always lived in Rhode Island, and died there, Feb. 10, 1844.

It further appears, that a demand of payment was made by the plaintiff of John Phillips, March 25, 1845, and that on September 10, 1845, said Phillips tendered to the said Gardiner, or left with the Cashier of Exeter Bank, in his presence and for him, the sum of one thousand twenty-seven dollars and fifty cents, being the principal and interest from the day of demand, to be paid over to the plaintiff on his discharging the mortgage : that the plaintiff claimed interest from the day of Catherine's death, and that they agreed to refer the decision of the remainder of the interest to one of the judges of the Supreme Court. The money was not actually paid over to the plaintiff until August 20, 1849.

For the plaintiff it was contended, that interest should be reckoned from the time of the death of Catherine Wilcox, and that as the tender was conditional, the payment or tender should not stop the interest until he actually received it.

The defendant contended, that as there was no administrator in Rhode Island to give a discharge, no interest should be reckoned until a demand was made by a person who could give a valid discharge, and that a conditional tender was in this case a proper one, the statute giving the mortgagor a right to a discharge.

The defendant produced a number of authorities to support his case, but the plaintiff declined arguing it, and merely stated the points he relied on.

I therefore report that the conditional tender was a proper one and sufficient in amount, and that the condition of the mortgage was complied with.

But if the Court should be of opinion that interest was properly due from the date of said Catherine's death to the actual payment, (as the plaintiff contends) there will then be due the sum of $304 16, being $334 16, less the $27 50 paid."

*Updike* for plaintiff.

*Potter*, for defendant.

*Exceptions overruled, and the report confirmed.*